TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-94-00615-CR

Corey Bernard Victorian, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT

NO. 93-247-K368, HONORABLE JOHN R. CARTER, JUDGE PRESIDING

PER CURIAM

 A jury found appellant guilty of aggravated robbery and assessed punishment,
enhanced by two previous felony convictions, at imprisonment for life. Appellant's court-appointed attorney filed a brief in which he concludes that the appeal is frivolous and without
merit. The brief meets the requirements of Anders v. California, 386 U.S. 738 (1967), by
advancing two contentions which counsel says might arguably support the appeal. See also
Penson v. Ohio, 488 U.S. 75 (1988); Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App.
1969); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Currie v. State, 516 S.W.2d
684 (Tex. Crim. App. 1974); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978).

 A copy of counsel's brief was delivered to appellant, and appellant was advised of
his right to examine the appellate record and to file a pro se brief. Subsequently, appellant
tendered a "pro se petition for post conviction writ of habeas corpus." This instrument was filed
by the Clerk as a pro se brief. The points of error contained in the pro se brief are identical to
the arguable points contained in counsel's brief.

 Appellant's first arguable point of error is that trial counsel was ineffective. 
Having reviewed the record as a whole, however, we conclude that appellant has not overcome
the presumption that counsel's conduct fell within the wide range of reasonable professional
assistance. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Appellant's second
arguable point is that the district court erred by overruling his motion to suppress the identification
testimony of the two complaining witnesses. We find, however, that the testimony adduced at the
suppression hearing supports the court's ruling. The points of error are overruled.

 The judgment of conviction is affirmed.

Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: December 13, 1995

Do Not Publish